IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY G. NIX and PAM CLARK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. _____ |
| FOCUS RECEIVABLES ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.

This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

**JURISDICTION AND VENUE**

2.

Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and/or 28 U.S.C. § 1337.

3.

Venue is proper in this District because the acts and transactions occurred here, the Plaintiffs reside here and the Defendant regularly transacts business here.

## PARTIES

4.

Plaintiff Danny G. Nix (hereinafter "Plaintiff Nix") is a natural person residing in Rockdale County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.

Plaintiff Pam Clark (hereinafter "Plaintiff Clark") is a natural person residing in Rockdale County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.

Said Plaintiffs were once married but are divorced and live at different residences.

7.

Defendant Focus Receivables Management, LLC (hereinafter "Defendant") is a third-party debt collection agency with its principal place of business in Marietta, Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant may be served through its registered agent for service of

process, CT Corporation System, 1201 Peachtree Street, N. E., Atlanta, Georgia, 30361.

8.

That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect a debt allegedly owed to another.

9.

The acts of the Defendant alleged hereinafter were performed by employees of Defendant acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

10.

Plaintiff Nix incurred a debt (hereinafter referred to as "the Subject Debt").

11.

The Subject Debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

12.

The Subject Debt was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

3

13.

Plaintiff Nix allegedly defaulted on the Subject Debt.

14.

Upon information and belief, Defendant was engaged by the creditor to attempt to collect the Subject Debt from Plaintiff.

15.

At some point thereafter, and within the one-year statute of limitation imposed by the FDCPA, Defendant's employees began calling Plaintiff Clark attempting to collect the above-referenced Subject Debt owed by Plaintiff Nix.

16.

During the course of a conversation with Defendant's employees, Plaintiff Clark informed them that she was no longer married to Danny Nix and that he did not live at her residence.

17.

During the course of a conversation with Plaintiff Clark, Defendant's employees disclosed to Plaintiff Clark the existence of the Subject Debt owed by Plaintiff Nix.

18.

Plaintiff Clark informed Defendant's employees that she had nothing to do with Plaintiff Nix's Subject Debt and requested that Defendant cease contacting her.

19.

Defendant's employees called Plaintiff Clark after she asked them to cease and desist from contacting her.

20.

During the course of a conversation with Plaintiff Clark, Defendant's employee informed Plaintiff Clark that a lawsuit against her was going to be filed shortly if she did not pay Plaintiff Nix's debt.

21.

To date, and upon information and belief, Defendant has not filed, nor engaged counsel to file, any lawsuit against Plaintiff Clark.

22.

During the course of conversations with Defendant's employees, Plaintiff Clark was insulted by said employees and felt threatened and intimidated by them.

23.

Plaintiff Clark felt harassed and intimidated by Defendant's employees and believes that the calls from Defendant were designed to harass, oppress and abuse her.

24.

All telephone calls made to Plaintiff by Defendant's employees were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25.

The disclosure of the existence of Plaintiff Nix's debt to his ex-wife, Plaintiff Clark, has invaded his privacy and caused humiliation, emotional distress and embarrassment to Plaintiff Nix.

26.

During the course of Plaintiff Nix's conversations with Defendant's employees, Defendant threatened that it was going to garnish Plaintiff Nix's wages.

27.

During the course of conversations with Defendant's employees, Plaintiff Nix was also insulted by said employees and felt threatened and intimidated by them.

6

## CAUSE OF ACTION

28.

Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 27 above as if fully set forth herein.

29.

Plaintiffs allege that Defendant violated multiple provisions of the FDCPA, including but not limited to: 15 U.S.C. § 1692b(1)(2); 15 U.S.C. § 1692c(a)(1); 15 U.S.C. § 1692c(b); 15 U.S.C. § 1692d(2)(5); 15 U.S.C. § 1692e(4)(5)(10), by reason of its conduct, statements and representations described in this Complaint.

30.

As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered actual damages, emotional distress and are entitled to an award of statutory and punitive damages, costs and their attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) Costs, disbursements and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d) Such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

This 11th day of March, 2011.

/s/ John C. Forbes, Jr.
JOHN C. FORBES, JR.
Georgia Bar No. 267709

Attorney for Plaintiffs

THE LAW OFFICES OF MARK A. CAREY, P.C.
925-B Peachtree Street, N. E.
#307
Atlanta, Georgia 30309-9910
(678) 341-5550